All right, let's take up People v. Michael Juds. Argument on behalf of the appellate. May it please the court, counsel. My name is Bill Miller and I represent Michael Juds. This appeal arises basically out of a dismissal by the local court to dismiss the post-commission relief petition which had been filed by the defendant, Michael Juds. There was a second stage review, so it did pass the first step. However, the state's motion to dismiss was engranted by the trial court. We believe the trial court should have allowed the case to proceed to a third stage evidentiary hearing, even though the record, because the record does allow sufficient facts to justify proceeding to an evidentiary hearing. Also, we claim in this case that Mr. Juds failed to receive reasonable assistance of post-conviction counsel, as well as the failure to receive effective assistance of counsel in the original case before the trial court. First, your honors, I'd like to go over the facts just a little bit. In this case, he was charged with attempt murder. In the case, Mr. Juds maintained that he always, always told his counsel that he did not have the requisite intent, did not intend to kill anybody, had given witnesses that he would like contacted so that they could help and support this position. He also indicated that Mr. Freeman had basically been against him in 1998, where he attempted to get him convicted of a felony. As a result of that, he says, Mr. Juds does, that there was a conflict and that Mr. Freeman should not have been his attorney. Further says he failed to contact witnesses, also told him he had no chance to win this case, no matter what he said. Mr. Juds' affidavit also indicates that the conversations were fairly unprofessional towards him, is what the affidavit, in fact, says. It was before the court. And as your honors are aware, that's what we're looking at, is whether or not it should have been allowed to proceed to a hearing. In other words, did he provide enough facts in the affidavit and in his petition to allow him to proceed to that evidentiary hearing where he could have called in witnesses? He could have called Mr. Freeman, even, for example. The question was, was there enough? We believe there was. In this case, however, there's also an issue as to whether or not post-conviction counsel, which was privately retained, did their job as well. In fact, we put that first in the issues in the brief because I wanted to highlight that to the court. In this case, post-conviction counsel was hired. And as post-conviction counsel, certain of those statutes, the Supreme Court rules, do not apply where you're required to say, I've met with the client, I certify, I've done everything I have to do to make the record good. Well, there's been rulings that private counsel don't have to do that with regard to those Supreme Court rules. However, there is a case, People v. Anguano, which was decided by the First District that says all criminal defendants, whether privately retained counsel or not, have a right to at least reasonable assistance of counsel to help them prepare. In other words, to get past the trial, you have to file in order to properly present your post-conviction petition. I think there's a significant problem in this case, and that is this. If you review the record, the affidavit, which is all important in a post-conviction relief petition, the affidavit actually signed by this defendant was not filed in its entirety by post-conviction counsel. There is no page 7, and if you're able to attach that in the appendix so your honors could actually have it handy and can review that, but it's obvious if you read from page 6 and it then jumps to page 8 that he's absolutely, there's a page missing, something's missing. How do you know that he didn't just misnumber? Well, the reason I say that, your honor, is if you read in context what's said, if you go from page 6, he says, the night of the incident, I don't believe I would have agreed to the plea if I would have had an honest lawyer. It doesn't follow at all. He's talking about facts that occurred on the night of the incident, and he's talking about witnesses who could have helped him, and then we simply jump to page 8, and at least my reading of it, your honor, suggests to me that he's moved, this is a total different subject. He did not ever finish his thought on the night of the incident because he wouldn't have been thinking that he would have pled on that night of the incident. Is there anywhere in the record what that would have been? No, your honor, there's not, but in a lot of cases, I look at the clerk of the court where this was actually filed, and it is not there. There is no page 7. So how do you reconstruct something that no longer exists, or is it in the hands of the post-conviction attorney? There were attempts made to contact, but that didn't work out as well, so I didn't really see a way to supplement the record for the court to know exactly what the judge had an opportunity to see, but it's obvious, or would have had an opportunity to see, but it's obvious that he's going to concern the night of the incident, and he has consistently said in here, I did not have records and intent to commit murder, and had I had an attorney who would have presented this stuff, I wouldn't have ever pled. I think it's fairly obvious, but it's your honor's, you have to review this record in the term, but I do think that it's obvious there is a page missing, and why I think that's important. If, in fact, the court takes these seriously, and I know your honors do as well, the Fifth District, in fact, and I cite a case, the use of the wrong pronoun in one of these certificates has been held by this court to be enough to say, hey, we're going to send this back, we're going to do it again, and that was People v. Willis was just decided in 2015, and in that particular case, they had used the wrong pronoun, her, rather than him when preparing a 651C petition, and as a result of that, this court said that, combined with the other things, causes us to question whether or not this counsel seriously undertook to do his duties, and I would suggest that that's a similar argument that can be here. Reasonable assistance of counsel in filing a postconviction relief petition includes filing the entire affidavit that the defendant provides you with. That's reasonable assistance. Failure to do that certainly isn't reasonable. It's worse than calling somebody him instead of her, so I would suggest to this court that, based upon the conduct of the postconviction counsel, there's enough here that Mr. Judge should be given an opportunity to have this remanded with directions that his postconviction relief petition be reviewed and amended by additional counsel. Then we can supplement that affidavit, and if, in fact, it recedes then to an evidentiary hearing, we can flesh these matters out. It was a negotiated plea, right? What is that? Was this a fully negotiated plea? It was a fully negotiated plea. So you're asking to be reversed, and he's open for everything. What I'm asking, yes, what we're asking, Your Honor, is what we're saying is he would not have entered into a plea. Okay, so in some amending, what you're asking this court to do is go to the third stage, and if the third stage goes, then he's up for the whole schnoke, because there's no negotiated plea, so he's liable for, what, 60? Could be. I think what should happen is it should go, the whole thing should go back and allow a new motion to be, a new postconviction petition to be filed, and I do agree we're asking that it proceed on to the third stage, which is what my client wants to have. They're playing Russian roulette a little bit. I would understand. I totally understand. Okay, okay, okay. I totally understand that. I'm here arguing what the client has told me. Okay, okay, no problem. His desire is, but that is his desire. He wants a third stage evidentiary review and to be allowed to make any amendments necessary to supplement his affidavit and those types of things. But, Your Honor, basically, unless you have further questions, I think I've covered the major points that I have on this. Thank you, Counsel. All right, thank you very much. Argument on behalf of the state. Good afternoon, Your Honor. This is a case where the allegation is reasonable or lack of reasonable assistance of counsel. Because the Post-Conviction Hearing Act is a creature of statutory creation and not a constitutional right itself, the level of assistance that the defendant is accorded is less than the sixth amendment standard that applies in a criminal prosecution. The sixth amendment standard, as this Court is well aware, is set out in the District of Washington, and it requires as one of those two prongs to prove, and the defendant has the burden of proving it, is that the defendant was prejudiced as a result of counsel's lack of adequate representation. To accept the defendant's argument here, that the mere absence of a page on an affidavit itself constitutes a lack of reasonable assistance, in effect, is tantamount to elevating the reasonable assistance standard above the strictness standard, because it essentially is asking this Court to apply a prejudice-free analysis. In other words, what effects, if any, did this missing page have in this case with regards to how it was disposed of or the defendant's record? The defendant's ability to make his claims. Now, to answer Justice Moore's question about the misnumbering of pages, I counted the pages. There are seven. It does jump from six to eight. It does appear that there's a block of language missing, so I would concede that there is, in fact, a missing page. That being said, the state did not promise its motion to dismiss on the lack of a missing page. The Court did not promise its granting of the motion to dismiss on the missing page. And in fact, if you look at the record, there's not any reference at all to a missing page or has anything to do with the case. It only comes up here on appeal, the defendant pointing it out and then trying to tie it as essentially an example of defendant's lack of, of counsel's lack of reasonable assistance. But again, without having time, that missing page is some sort of adverse result that was occasioned by it. It's, in effect, a prejudice-free type of request. And that can't possibly be the case. Reasonable assistance has been consistently held, arguing, of course, to be a lesser standard or, in effect, a higher burden, if you will, to prove, from the defendant's perspective, than the sickness of the standing. So I do believe this Court should probably reject that argument on the basis that we don't have any evidence in the record, nor has any been established here, that that missing page adversely affected the defendant. We don't know what that page says, granted that, but it doesn't really matter because it didn't play into the ultimate disposition of the case. The ultimate disposition, as the Court will see, is the absence of affidavits from witnesses, Ronnie and Chad Hunt, I think that they were, that counsel had, and had not initially attached to the petition. Then was, however you want to look at it, and we discussed this a little bit in my jurisdictional statement, but the Court apparently granted the defendant leave to find these witnesses and supplement the petition with the affidavits of these individuals. It was unsuccessful in doing so, although he had a verdict that he got a phone number and an address and all that. So, that being the case, I do want to make one quick reference to the defendant's argument regarding the analogy of the 651C certificate-type cases. First of all, 651C doesn't apply here because this is privately retained counsel and the courts have held that while a defendant is entitled to reasonable assistance of counsel, the strictures of 651C themselves only apply to pro se litigants, filing post-conviction petitions, and to attorneys who are appointed thereafter. So, the analogy sort of falters at that point. The other thing I want to make a point about is that the reason that the case is the size it was, as this Court's aware, that the purpose of Rule 651C is to ensure that counsel undertakes certain activities in terms of reviewing the record, adequately presenting the defendant's arguments, and where we have a certificate which can't even identify the defendant by the proper gender, that sort of lays a cast of doubt upon whether counsel is complying with their 651C requirements because they're not even paying attention to it. It sort of underlines perhaps part of the danger of certification requirements that the Supreme Court does, you know, 402 to 651. It becomes sort of pro forma. In fact, this Court may have noticed that the Supreme Court recently amended the rule with regards to post-trial motions, and they've actually laid out an exact form that the defendant's counsel is supposed to use. I mean, they've taken all thought processes out of it whatsoever, photocopying and signing. It's probably a good thing, but it does, like I say, show that there has to be some assurance that what they're doing is actually what they said that they're doing. Now, the defendant here, as the defendant counsel points out, this is a second stage dismissal. So at this point, the defendant is required to make a substantial showing of a constitutional violation. And of course, it's our position that even taking the petition at face value, the defendant fails to do so. Number one, the allegation that there was a conflict of interest on the part of Mr. Freeman, who represented the defendant, fails on its face. Number one, it's not a per se conflict of interest. Courts have laid out specific guidelines for what constitutes a per se conflict of interest. Among those, which I think maybe the defendant felt was applicable, was where the defense attorney had a prior association with the prosecution. But that would be the prosecution of the defendant in this particular case. Mr. Freeman was an assistant state's attorney. He had a prosecuting defendant, but that was in 1998 in a different county. So that per se association doesn't exist. The alternate, if it's not per se, would be what the courts have described as actual conflict of interest. And in actual conflict of interest, the defendant now is obligated to show that there was some specific defect in the strategy or tactics or decision making on the part of counsel that were, you know, that the conflict occasioned. That type of analysis, it requires more than just a speculative belief of a conflict. It has to be, has to show, to have manifested itself in some way. In this case, the defendant really relied upon rank speculation. Freeman prosecuted this guy, you know, in 1998, many years earlier, wasn't happy because he wasn't successful, and therefore now he's representing the defendant, and he's going to sabotage the defendant's case. Things that the defendant pointed out to you, such as Freeman sort of, sort of advised to him that, you know, you don't have a defense, and you need to investigate these witnesses. I think they don't relate, they don't relate to a specific claim of the anonymous as much as they do to an allegation of his level of preparation or representation as a general term. In other words, there was not a nexus sort of established between what he's claiming counsel didn't do and their motivation because of this failed prosecution, you know, many years ago. So I don't believe the defendant can have made a view on showing at this point, it was a substantial showing of a constitutional violation. The defendant alleged in the petition that counsel failed to investigate exploitatory witnesses of potential defenses. Didn't really go into what those witnesses or defenses were, and therefore is not an adequately formed argument. Did complain about not sharing discovery with the defendant. It's interesting, at the time of the plea, the court asked the defendant directly whether he had time to go through the police reports of discovery with his counsel. And the defendant applied in the affirmative, and now is claiming that counsel did not do so. But as the defendant himself acknowledged in the petition, counsel is not obligated through their representational capacity to share all discovery with the defendants. With regards to, obviously, the biggest problem in this case would have been the lack of affidavits from these two individuals, the Hunts, if you will. But this is a situation that's a little strange. The court granted the defendant's counsel the opportunity to find those affidavits and couldn't do so. So the attempt was made. So it's not a matter of the petition was dismissed because he didn't do it. The petition was dismissed because he couldn't do it, and there's a fundamental distinction. But if the court's going to get to the point where it says, well, dismissal really refers back to the fact that there was never a petition filed in the first place. Then that kind of backtracks back into my jurisdictional argument that the court's additional dismissal was the dismissal and didn't actually grant the defendant the opportunity to file a petition. And therefore, this court has no jurisdiction. So I probably confused that guy a little bit. It made a little bit more sense when you look at the footnote of my brief. But the bottom line is, I mean, in my personal position, I think the court agreed that the defendant had additional time to fix the petition to have these affidavits. Couldn't do so, and I don't think this court should hold the defendant's counsel to a lack of reasonable assistance where he may obviously have received a knowledgeable faith effort to get those affidavits and attach those to the petition. Does the court have any questions? No, thank you, your honor, I appreciate you. Any rebuttal, Mr. Milner-Hurtish? Very briefly, your honor, just two things, and perhaps I didn't hit on this enough the first time. But with regard to the reasonable assistance of counsel that's required for the filing of a post-conviction relief petition, we believe that you have to consider all the other things that happened in what ultimately happened in the dismissal. First off, we have the missing page. Then we have the judge allowing additional time to find witnesses. Even stating on the record, if you need more time, we'll give you more time to look. The attorney from, I don't remember where they're out of, but it's up around Chicago. Originally, Winter Park, Florida is where they hired these people from. But they were up in Chicago. These addresses, there are two addresses that he had for the defendants who lived in Carlisle, and phone numbers. All he says is, and if you look at the record, I can't get a hold up. We don't know whether he actually went there and tried to talk to them. The other thing that we don't know is, why didn't he ask for additional time? In fact, if you look at the record closely, it was the defense attorney who sent an order to the state's attorney and said, basically, my client doesn't need to be there, go ahead and enter a dismissal of this case. And that's when the appeal then began. What I'm saying to you is this. I'm not saying that the certificates apply in this case. Obviously, they don't. I was using it as an analogy. But what I think's important is, if you read the Anguano case, what would be the distinction between treating people different who filed pro se and those who have an attorney there to help them file? There still should be reasonable assistance of counsel. And my point is, if you fail to file the entire affidavit that you helped him prepare or that you acquisition from him, and then you have names and addresses, phone numbers of two local witnesses who he says can help him. When you start putting all this together, it's a situation like the Anguano case. Did he really do his job? Not only did he not file the entire affidavit, he also somehow couldn't get these two people talked to who lived in Carlisle and whose addresses he had. What about Mr. Daly's point in his footnote on page nine of his brief? That either the dismissal was untimely or that the court granted the opportunity to file those two affidavits and he sent the letter in within that time saying he couldn't find them. And that the dismissal was then made only after good efforts had been made to obtain those affidavits. I don't know what good faith. I don't know. I mean, if this proceeds to a hearing, we can flush those things out. What did he do? I don't know. Judge Mittendorf even indicated on the record, I'll give you more time if you need it. I'll even give you more time. Just let me know. In fact, he got one continuance. But I can't answer that question because I don't know what he did or didn't do. I don't know if there was good faith exercised. If we were to presume that, but what I'm saying is, I think the presumption might be belied a little bit when you look at the fact he didn't even file everything. I mean, he didn't even file the entire petition for post-conviction relief. And I think that's a failure when you consider these other issues to give this man reasonable assistance of counsel. Thank you. Thank you, counsel. We'll take this case under advisement and issue a ruling in due course.